UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JANIS MORRIS, individually and on behalf of all others similarly situated,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>VOPAK TERMINAL LOS ANGELES, INC., et al.,<br>　　　Defendants. | CV 22-6505 DSF (PVCx)<br><br>Order DENYING Motion to Remand; Order GRANTING Motion to Dismiss (Dkt. 12, 14) |

　　　This matter was removed from state court based on complete preemption under the Labor Management Relations Act (LMRA). Plaintiff moves to remand. Plaintiffs argues that the removal was beyond the 30-day limit for removal and that LMRA preemption does not apply. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 24, 2022 is removed from the Court's calendar.

### I. Timeliness of Removal

　　　The removal was within the 30-day limit. Defendants' removal argument is that all claims in Plaintiff's complaint require interpretation of the collective bargaining agreement (CBA) that Plaintiff is a party to.

　　　The 30-day window begins to run based on allegations in a complaint only if the grounds for removal are within the "four corners" of the complaint. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). While Plaintiff was always subject to the CBA and,

therefore, the complaint would always have been subject to removal under Defendants' theory of preemption, neither the complaint nor the amended complaint divulges that Plaintiff was subject to a CBA. In this situation, under Ninth Circuit law, Defendants were under no obligation to remove until, at least, receipt of a "paper" showing that Plaintiff was subject to a CBA.

## II. Subject Matter Jurisdiction

The remand motion fails on substantive grounds as well because at least one claim is preempted by the LMRA. Plaintiff pleads a claim for overtime under California Labor Code § 510. But because California Labor Code § 514 exempts from § 510 workers subject to CBAs meeting certain requirements, those workers' overtime claims are available only under the LMRA and can be removed. See Curtis v. Irwin Industries, 913 F.3d 1146, 1153-54 (9th Cir. 2019). Plaintiff does not deny that his CBA meets the requirements of § 514 and, on the Court's review, it appears to meet those requirements. The other claims, whether preempted or not, generally arise from a common nucleus of operative fact as the preempted overtime claim and the Court will exercise supplemental jurisdiction over them.

## III. Motion to Dismiss

As noted above, Plaintiff's claim under California Labor Code § 510 is preempted by the LMRA and, therefore, is dismissed.

As for the other claims, Defendants have not established that they are preempted by the LMRA. To determine if a claim is preempted by Section 301, courts apply a two-step test. First, the court asks "whether a particular right inheres in state law or, instead, is grounded in a CBA." Matson v. United Parcel Serv., Inc., 840 F.3d 1126, 1132 (9th Cir. 2016) (quoting Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007)). If the claim is founded directly on rights created by a CBA, preemption is warranted. Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987). The second part of the test asks "whether a state law right is 'substantially dependent' on the terms of a CBA." Matson, 840 F.3d at 1132. In doing so, the key question is "whether the claim

can be resolved by 'looking to' versus interpreting the CBA." Id. If the claim requires "interpretation" of the CBA, it is preempted; if it requires only "looking to" the CBA, it is not. Id. Interpretation, in this context, is defined narrowly and "it means something more than 'consider,' 'refer to,' or 'apply.'" Id. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Further, "[i]f the claim is based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Matson, 840 F.3d at 1132.

In general, Defendants state that the claims "require substantial interpretation or application of the CBAs." Mot. to Dismiss at 9; Opp'n to Remand at 10. There is no indication that this will require anything other than "referring to" or "applying" the CBA. Defendants also do not even attempt to establish that anything in the CBA that might be relevant actually will be the subject of any interpretive dispute.

However, the state law claims are not sufficiently pleaded for federal court standards. The first amended complaint is indistinguishable from the kind of barebones wage-and-hour pleading disapproved of in Landers v. Quality Comm'n, Inc., 771 F.3d 638 (9th Cir. 2014). Plaintiff is to amend the claims to provide the necessary allegations as required by Landers.

## IV. Conclusion

The motion to remand is DENIED. The motion to dismiss is GRANTED. Leave to amend is granted consistent with this order. An amended complaint must be filed and served no later than November 20, 2022. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims other than an LMRA claim relating to overtime pay. Leave to add defendants or other claims must be sought by a separate, properly

3

noticed motion. A redlined version of the amended complaint must be submitted to the Court's generic email box.

   IT IS SO ORDERED.

Date: October 20, 2022            _____
                                            Dale S. Fischer
                                            United States District Judge